[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence: August 27, 1999 Date of Application: September 11, 1999 Date Application Filed: September 24, 1999 Date of Decision: June 27, 2000
 Application for Review of Sentence imposed by the Superior Court,Judicial District of Windham at Danielson.
 Docket Nos. MV94-79154, CR95-91892, MV95-181308, MV9-6-18219,MV95-179409 CR95-89535
 Ramon Canning, Esq., Counsel for Petitioner.
 Deborah Collins, Esq., Counsel for State, Assistant State's Attorney.
 BY THE DIVISION
The petitioner entered pleas of guilty at which time the sentencing court indicated that the sentence imposed would not be more than 5 years incarceration. The petitioner entered pleas of guilty to three counts of Operating Under Suspension, One Count of Failure to Appear in the Second Degree, and One Count of Operating Under the Influence of Alcohol/Drugs (as a 4th offender). The court imposed a net effective sentence of 5 years to serve.
The Petitioner seeks review of this sentence.
Counsel for the Petitioner stressed before the Division that all the CT Page 10000 offenses occurred in 1994 and 1995 and by the time of sentencing in September of 1999 the petitioner, in the intervening 4 years, had made significant positive life changes. Counsel indicated that another judge, prior to plea, rejected a lesser plea bargain and that this rejection by another court tainted the entire proceedings.
Counsel for the Petitioner further noted that the sentencing judge in his comments noted that the petitioner had "six" prior Operating Under the Influence convictions when, in reality, she had only four such convictions.
The petitioner addressed the Division and indicated that she could be a productive member of society.
Counsel for the State agreed that the petitioner had four prior operating under the influence convictions. Counsel indicated that the sentencing judge imposed sentence based on his own information and judgment.
The P.S.I. indicates in relevant part that "It is a record so appalling that she must now be viewed as a clear and consistent threat to the safety of the community and a high risk to offend again.
The sentencing court in his comments indicated a prior offense wherein the petitioner, operating a motor vehicle under the influence, struck a house. The court continued that petitioner "poses an extreme risk to all of us who come within driving distance of wherever she is."
It is clear from a review of the record that nothing short of incarceration prevented this petitioner from operating her motor vehicle contrary to law, either because she was under suspension or under the influence.
There is nothing in the record to indicate that the decision by the sentencing court was other than his own assessment of the case and the penalty to be imposed.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in CT Page 10001 accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
MIANO, J.
KLACZAK, J.
NORKO, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.